268

Tony VERDINELLA, Plaintiff,

v.

LIN-BAR DRESS CORPORATION, a
Delaware Corporation domesticated
in Virginia, Defendant.
Civ. A. No. 375.

United States District Court
W. D. Virginia, Lynchburg Division.
June 25, 1956.

J. Benson Hoge, Lynchburg, Va., for
plaintiff.

Frank N. Perkinson, Jr., Richmond,
Va., and Arnold Schlossberg, Roanoke,
Va., for defendant.

BARKSDALE, District Judge.

This action having been tried upon the facts by the court without a jury, the court doth hereby find the facts specially and states separately its conclusions of law thereon, and directs the entry of the appropriate judgment, as follows:

### Findings of Fact

Plaintiff, Tony Verdinella, was employed by defendant, Lin-Bar Dress Corporation, on July 11, 1954, and continued in its employment until December 31, 1955. Defendant, during this period, was engaged in interstate commerce. During his period of employment, plaintiff's duties were primarily those of a machinist and maintenance man for defendant's machines. It was also a part of plaintiff's duties throughout his employment to transport raw materials and finished goods to and from defendant's plant at Appomattox, Virginia, and the Trailways Bus Station in Lynchburg and the Lynchburg Air Port, both in his own automobile and in defendant's truck. These raw materials had been shipped in interstate commerce and the finished goods were for shipment in interstate commerce. Plaintiff also drove defendant's truck to and from the Railway Station and Post Office in Appomattox, for the transportation of goods in interstate commerce. It was also a part of plaintiff's duties to assist in shipping, and in preparing for shipment, finished goods from defendant's plant. Plaintiff also at times made trips on defendant's truck as a driver's helper. During all of plaintiff's period of employment by defendant, he was a part-time driver or driver's helper in transportation which was within the meaning of the Motor Carrier Act, 49 U.S.C.A. § 301 et seq., in interstate commerce. Plaintiff admits that defendant always paid him at least the required minimum wage, but he asserts that he was not paid the required overtime wage for hours he worked in excess of 40 hours per week.

### Conclusions of Law.

Since I have found as a fact that throughout his period of employment by

defendant, the plaintiff was engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highway of property in interstate commerce within the meaning of the Motor Carrier Act, and that therefore he was subject to the jurisdiction of the Interstate Commerce Commission under Section 204 of the Motor Carrier Act, 49 U.S.C.A. § 304, I find that he was exempt from the overtime provision of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., by virtue of Section 13(b) (1), 29 U.S.C.A. § 213(b) (1). Since plaintiff's employment was exempt from the operation of the provision of the Fair Labor Standards Act as to overtime, under the authority of which this action was instituted, I conclude that the provisions of the Fair Labor Standards Act do not apply to plaintiff's employment and that this action must be dismissed. Magann v. Long's Baggage Transfer Co., D.C., 39 F.Supp. 742. Also see Department of Labor's Interpretative Bulletin, Part 782, May 1951. An order will be entered dismissing plaintiff's action at his costs.